# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| United States of America | * | |
| v. | * | Criminal No. CCB-17-226 |
| Eric Wayne Grinder | * | |
| | * | |

***

## Memorandum

The defendant, Eric Wayne Grinder, ("Grinder"), has been indicted by the United States on eight counts: (1) five counts of production of child pornography; (2) two counts of possession of child pornography; and (3) one count of witness tampering. (ECF No. 20). Grinder has now moved to suppress evidence obtained from a laptop and cell phone searched and seized under state and federal warrants. (ECF No. 33). For the reasons stated below, Grinder's motion will be denied.

## Background

The following facts are based on the testimony and exhibits presented in connection with an evidentiary hearing held January 26, 2018. On November 27, 2016, a 10-year-old girl, referred to as Minor Victim by the government, told her mother, Alisha Grinder, that she had been sexually abused by her adopted father, Eric Wayne Grinder. (Warrant Affidavit, ECF No. 44, Ex. 2 at 2). On November 29, 2016, after Alisha Grinder reported what the Minor Victim had told her, the police learned from a forensic interview of the Minor Victim that she claimed Grinder had sexually abused her for years, at both the family's prior residence and their current residence at 261 Montpelier Court in Westminster, Maryland. (*Id.* at 3). Alisha Grinder also told

1

the police that she suspected Grinder of drugging the Minor Victim with Clonazepam, a drug in the benzodiazepine class purchased by Grinder over the Internet to treat Alisha's insomnia. (*Id.*).

By evening on the 29th, the police sought a state search and seizure warrant for Grinder's current residence. While the warrant application was pending, Corporal Michael Lare of the Carroll County Sheriff's Office secured Grinder's residence at around 5:06 pm. The residence was empty until Grinder pulled up the driveway in a car around 5:56 pm, and began walking toward Corporal Lare who was standing at the front door to the residence. Corporal Lare met Grinder near the car and told him that a warrant was being sought to search his home. He asked, as his supervisor told him to, for a key to the residence and for Grinder's cell phone, which was in his car.[1] Grinder complied, and afterward chose to remain waiting in his car.

At 6:15 pm a state court judge approved the warrant application. (Warrant, ECF No. 44, Ex. 1). The warrant found probable cause to believe that several crimes had been committed and authorized law enforcement to search the property known as 261 Montpelier Court, Westminster Maryland, and seize:

> evidence relating to the crimes of Sex Abuse of a Minor, 2nd Degree Sexual Offense, 3rd Degree Sexual Offense, Rape 2nd Degree, Sex Abuse of a Minor-Continuing Course of Conduct, to include but not limited to crime scene processing; to include photographs, drawings/measurements, DNA/Biological evidence collection; bedding, prescription and non-prescription medication to include but not limited to [Clonazepam] and U-771, home drug testing kits, invoices/receipts for mail order medications, cell phones, computers, hard drives, media storage devices, etc.

(*Id*).

The warrant also authorized the police to, among other things: (1) "[e]nter and search the residence as completely described above for evidence of the aforementioned crimes to include

---

[1] In addition to his supervisor's instruction, Corporal Lare testified that it is likely evidence of child abuse may be found on a cell phone and that such evidence may be quickly deleted by a suspect left in possession of a cell phone.

2

the curtilage;" (2) "[s]eize all evidence found in or upon said premises and its curtilage;" (3) "[s]eize and have forensically analyzed by a qualified person or persons any cellular telephones seized;" and (4) "[s]eize and have forensically analyzed by a qualified person or persons any computers, hard drives, [and] media devices." *Id.*

The Carroll County Sheriff's Office executed the warrant at 6:31 pm and, in the course of the search, seized a Toshiba laptop computer. (Opp. to Mot. to Suppress, ECF No. 44, p. 4). The laptop eventually was sent to the Department of Homeland Security for forensic analysis. (*Id.*) Analysis of the laptop began on December 19, 2016, and turned up what an analyst believed were images of the Minor Victim being sexually abused by an adult male and two photos of child pornography. (*Id.*) After discovering the images, the analyst promptly suspended his search pending a federal warrant specifically authorizing a search for evidence related to child pornography. (*Id.*) The government asserts that the analyst acted out of "an abundance of caution" and could have lawfully continued searching the laptop under the original state warrant. In any case, a federal warrant was signed on March 17, 2017, authorizing law enforcement to search the cell phone and laptop computer for evidence of child pornography. (Opp. to Mot. to Suppress, ECF No. 44, Exs. 3, 4).

The federal warrant was based on several assertions in a supporting affidavit, in addition to those in the state affidavit, including that: (1) the images of sexual abuse believed to feature the Minor Victim did feature the Minor Victim; (2) a medical examination performed on the Minor Victim discovered signs of sexual abuse; and (3) the Minor Victim told her mother, Alisha Grinder, that the defendant videotaped her sexual abuse and played it back on the television. (Opp. to Mot. to Suppress, ECF No. 44, Ex. 5).

Resuming his search of the laptop, and this time including Grinder's cell phone, the analyst found additional evidence that Grinder sexually abused the Minor Victim, images of child pornography, and Google search terms related to child pornography. (Opp. to Mot. to Suppress, ECF No. 44, pp. 5-6)

\*\*\*

Grinder now moves to suppress the evidence found on the laptop and cell phone claiming that their search and seizure violated his rights under the Fourth Amendment. (ECF No. 33). The government has opposed the defendant's motion. (ECF No. 44).

**Analysis**

Grinder argues that the evidence law enforcement obtained from his cell phone and the Toshiba laptop should be suppressed because the state warrant is insufficiently supported by probable cause and lacks particularity, and because the seizure of the cell phone outside the residence and the forensic search of both the laptop and cell phone exceeded the scope of the warrant.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. IV amen. "As the text makes clear, the ultimate touchstone of the Fourth Amendment is 'reasonableness,'" and "reasonableness generally requires the obtaining of a judicial warrant." *Riley v. California*, 134 S. Ct. 2473, 2482 (2014).

A warrant shall only issue "upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. IV amen. Whether a warrant is supported by probable cause is determined by the issuing magistrate judge whose judgment on the matter is accorded "great deference." *U.S. v. Leon*, 468

U.S. 897, 914 (1984). The last part of the warrant clause, referred to as the 'particularity requirement,' "is fulfilled when the warrant identifies the items to be seized by their relation to designated crimes and when the description of the items leaves nothing to the discretion of the officer executing the warrant." *U.S. v. Williams*, 592 F.3d 511, 519 (4th Cir. 2010). This requirement in turn limits the scope of law enforcement's authority under the warrant to search and seize items. *Id.* Still, the warrant's limitations should not be read in a "hypertechnical manner" but should be approached with "commonsense." *Id.*

With these principles in mind, Grinder's motion must be denied. The original warrant obtained by law enforcement: (1) particularly described the place to be searched—Grinder's residence and its curtilage—and the things to be seized—among other things, cell phones and laptops related to identified crimes; (2) was supported by probable cause to believe Grinder's residence and its curtilage, and the cell phones and laptops discovered therein, would contain evidence of the crimes identified in the warrant; and (3) authorized the search and seizure of the laptop and cell phone.

I. Adequacy of the Warrant

A.

Grinder first argues that the warrant lacked probable cause to authorize the seizure of the laptop and cell phone. Probable cause exists where a magistrate has reason to believe "evidence is located in a particular place." *Illinois v. Gates*, 462 U.S. 213, 230 (1983). It "does not deal with hard certainties" but is instead "a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Id.* at 231-32. Here, a state court judge, having reviewed an affidavit describing Grinder's alleged sexual abuse of the Minor Victim and online purchase of drugs, determined there was probable

5

cause to search and seize electronic devices in Grinder's home that might contain evidence of certain listed crimes. The affidavit supports this determination.

The affidavit supporting the state warrant application contained, among other things: (1) portions of a statement from the Minor Victim summarizing Grinder's alleged sexual abuse; (2) portions of a statement from Alisha Grinder in which she explained that Grinder orders Clonazepam from the Internet; (3) reason to believe Grinder had given the Minor Victim Clonazepam to sedate her; and (4) text messages between Grinder and Alisha obtained from Alisha's phone in which Grinder referred to possessing illegal drugs and denied abusing the Minor Victim. (Opp. to Mot. to Suppress, ECF No. 44, Ex. 2). By sworn testimony then it was at least probable that Grinder used an Internet connected device to illegally purchase drugs in furtherance of the abuse of the Minor Victim, (justifying the search and seizure of the computer and cell phone), and that Grinder used a cell phone to discuss both the purchase of those drugs and his alleged abuse of the Minor Victim, (justifying the search and seizure of the cell phone). In sum, the court finds no reason to second-guess the judge's determination, which is entitled to great deference. The warrant was supported by probable cause.

B.

But the warrant, if valid, must still be sufficiently particular and Grinder presents two reasons for why it is not. He claims first that the warrant gave law enforcement unbounded discretion to search and seize items within Grinder's home in violation of the Fourth Amendment, and second that the serious privacy concerns implicated by searches of laptops and cell phones demand a heightened particularity requirement.

Starting with his first point, Grinder argues that the warrant is insufficiently particular because it did not: (1) identify the electronic devices to be seized; (2) limit law enforcement's authority to seize only those items owned by the defendant; or (3) direct how, once seized, electronic devices were to be searched. But the warrant authorized the search and seizure of cell phones and laptops found within the residence and its curtilage for "evidence of the aforementioned crimes." (Opp. to Mot. to Suppress, ECF No. 44, Ex. 1). Thus, a common sense reading—and indeed the only reasonable reading—of the warrant constrained the executing officers to: (1) the specified set of crimes supported by probable cause; and (2) searching and seizing particular items in particular places for evidence of those crimes.[2] Accordingly, this warrant presents a different situation from one that provides unconditional authority to seize or search any and all cell phones found in the residence without relation to any particular crime.

Grinder claims that this warrant is like the one in *Groh v. Ramirez*, 540 U.S. 551 (2004), where the Supreme Court held a warrant invalid because it failed to "describe the items to be seized *at all*." *Groh*, 540 U.S. at 558 (emphasis in original). In light of the preceding discussion, it suffices to say that the warrant here bears little resemblance to the one at issue in *Groh*, and although *Groh* indicates that items to be seized should be described, *Williams* instructs that the item's description can rely in part on its relationship to specific crimes detailed in the complaint.[3]

---

[2] This reading of the warrant is further bolstered by the fact that only Grinder, his wife, and the Minor Victim lived in the residence identified in the affidavit and warrant. Thus, Grinder had access to all evidence likely on his, and also on his wife's, laptop and cell phone. The receipt of text messages is one example of this.

[3] Grinder also relies on three out-of-circuit cases for the proposition that a warrant must identify the specific electronic devices to be seized and how those devices may be searched to satisfy the particularity requirement of the Fourth Amendment. Those cases are distinguishable from the factual circumstances involved here. *See U.S. v. Griffith*, 867 F.3d 1265, 1271-77 (D.C. Cir. 2017) (holding a warrant to search for electronic devices invalid because it was not based on probable cause to believe evidence of a crime would be found on the devices or that the defendant used or owned an electronic device); *U.S. v. Galpin*, 720 F.3d 436, 447-48 (2d Cir. 2013) (holding a warrant invalid because it broadly authorized a search for crimes under "NYS Penal Law and or Federal Statutes"); *U.S. v. Rosa*, 626 F.3d 56, 61-62 (2d Cir. 2010) (holding a warrant invalid because it failed to specify a single crime supported by probable cause and therefore failed to give any "guidance as to the type of evidence sought"). In this

7

Demanding more, such as that the warrant specifically name each item to be seized under the warrant, "would require officers possessed of incomplete knowledge to identify *ex ante* every item of evidence that will be relevant and the precise form that it will take—a plainly unrealistic expectation." *U.S. v. Dargan*, 738 F.3d 643, 648 (4th Cir. 2013).

Grinder further argues that, even so, the nature of the information sought in this case requires a more robust particularity requirement. The information found on cell phones and laptops "is distinguished from physical records by quantity alone," to be sure, but it also is qualitatively different. *Riley*, 134 S.Ct. at 2490. For example, "Internet search and browsing history . . . could reveal an individual's private interests or concerns—perhaps a search for certain symptoms of disease, coupled with frequent visits to WebMD"—information undiscoverable in physical records. *Id.* All of this is to say that searching such devices may precipitate privacy violations not before possible through physical means alone. And because of the seriousness of those privacy concerns, traditional Fourth Amendment doctrines that consider privacy when weighing the reasonableness of a warrantless search have been applied differently to digital devices. *Id.* at 2494.

This case, however, does not involve a warrantless search. And as *Riley* made explicit, the Court's "holding, of course, is not that the information on a cell phone is immune from search; it is instead that a warrant is generally required before such a search." *Id.* at 2493. Far from ignoring *Riley*, law enforcement here did what the Court said it should do—they "[got] a warrant." *Id.* at 2495. As a result, Grinder's arguments fail to alter the court's analysis.

---

case, the warrant clearly identified crimes supported by probable cause, the places and things to be searched, and the kind of evidence sought.

8

As the state warrant here limits the types of items to be searched and seized and identifies specific crimes alleged to have been committed—and with the considerable deference due to the magistrate judge's determination in mind—the court is convinced that the state warrant was sufficiently particular under the Fourth Amendment.

C.

But even if the warrant were not justified by probable cause, and even if it were not sufficiently particular, suppression still would not be an appropriate remedy. Evidence discovered by an officer who reasonably relied "on a warrant issued by a detached and neutral magistrate," should not be excluded even if the warrant is subsequently invalidated. *Leon*, 468 U.S. at 913. This standard, commonly referred to as the 'good faith exception', "does not apply in four situations, [however]: first, when the warrant is based on an affidavit containing knowing or reckless falsity; second, when the magistrate has simply acted as a rubber stamp for the police; third, when the affidavit does not provide the magistrate with a substantial basis for determining the existence of probable cause; and finally, when the warrant is so facially deficient that an officer could not reasonably rely on it." *U.S. v. Wilhelm*, 80 F.3d 116, 121 (4th Cir. 1996) (internal quotation marks omitted).

In light of the preceding discussion of the warrant—that it was issued based on testimony from the Minor Victim and her mother, and that it identified particular crimes, places, and items to be searched—law enforcement's reliance on the state warrant as validly issued was objectively reasonable. *See, e.g., U.S. v. Qazah*, 810 F.3d 879, 886-87 (4th Cir. 2015). Grinder's motion to suppress would thus be denied on this ground as well.

II. Seizure of Cell phone

Moving away from the validity of the warrant to the warrant's scope, Grinder argues that Corporal Lare's seizing of his cell phone was unlawful because the cell phone was taken from Grinder's person outside the residence. And that is a problem according to Grinder because the warrant only covered the residence.[4] But the warrant authorized law enforcement to search and seize items that might contain evidence of sex crimes or illegal drug purchases from the curtilage of the home, not just the home itself, and the cell phone was not taken from Grinder's person but rather was seized from Grinder's car while it was sitting in the driveway of his home.

Even so, Grinder argues, the seizure was unlawful because the warrant did not authorize law enforcement to search his automobile even if the automobile happened to be within the curtilage. But this argument has been rejected by the Fourth Circuit. Indeed, "the fact that the [car] was not itself listed in the search warrant does not require exclusion" of evidence seized from the car because a warrant that authorizes the search of a residence and its curtilage also authorizes the search of "automobiles on the property or premises that are owned by or are under the dominion and control of the premises owner or which reasonably appear to be so controlled." *U.S. v. Patterson*, 278 F.3d 315, 318 (4th Cir. 2002). As neither party disputes that the driveway constituted the curtilage of the residence, or that Grinder at least appeared to control the car from which the cell phone was seized, law enforcement was squarely within the scope of the state warrant when it seized the cell phone.[5]

---

[4] To the extent the defendant argues that law enforcement's seizing of his phone pending prompt execution of a warrant was unconstitutional, that argument is foreclosed under well-settled precedent. *See, e.g., Illinois v. McArthur*, 531 U.S. 326, 331-33 (2001).

[5] Grinder also takes issue with the length of his phone's seizure, relying on *U.S. v. Mitchell*, 565 F.3d 1347 (11th Cir. 2009) in which the Eleventh Circuit found that seizing a phone for 21 days before a warrant was obtained was unreasonable under the Fourth Amendment. 565 F.3d at 1351-52. But here the cell phone was warrantlessly held by law enforcement for no more than twenty minutes.

10

III.     Search of Cell phone and Laptop

Finally, Grinder argues that the search of the laptop was invalid because the warrant only authorized a limited search for evidence of a drug crime, not the indiscriminate search for child pornography that he alleges occurred. And he argues that the second search of the laptop was unlawful because the federal warrant that authorized it was based on evidence illegally obtained from the first laptop search. The scope of the warrant and precedent foreclose Grinder's argument.

The Fourth Circuit has previously held that a forensic search of a laptop, authorized by a warrant, includes "the authority to open and cursorily view each file." *Williams*, 592 F.3d at 523. Applying this reasoning here, the images of child pornography found in the course of analyzing the laptop need not be suppressed. Law enforcement was justified in forensically searching the laptop because the warrant authorized such a search, and because evidence of a drug crime, or the Minor Victim's sexual abuse, could have been located anywhere on the laptop. In other words, "the observation of child pornography within several of [the laptop's] files did not involve an intrusion on [Grinder's] protected privacy interests beyond that already authorized by the warrant." *Williams*, 592 F.3d at 523.[6] And it was truly just an observation. Once the images were discovered, the search was immediately suspended pending a federal warrant specifically authorizing a search for child pornography.[7] More still, if the images were lawfully observed, it was lawful for the magistrate judge to consider them when issuing the federal warrant, making the federal warrant valid, and so too the cell phone search it authorized.

---

[6] For this reason, this case does not present the same issue as in *U.S. v. Doyle*, 650 F.3d 460 (4th Cir. 2011) where the Fourth Circuit rejected the government's argument that evidence of child molestation justified a search for child pornography. 650 F.3d at 472. Here, the government did not set out to find child pornography but discovered it during a lawful search.

[7] The government argues that it could have continued the search after finding the photos without seeking an additional warrant. Because an additional warrant was sought, however, the court need not address the merits of the government's argument.

11

*Riley* does not change this conclusion. For one thing, *Riley* considered only whether a warrantless search of a cell phone incident to arrest was lawful, a distinct question from whether an investigator, with warrant in hand, may forensically search a laptop. For another, the Fourth Circuit has not yet provided any reason to think *Riley*'s recognition of the qualitative and quantitative difference of digital evidence will alter its holding in *Williams*. Indeed, the *Williams* opinion itself recognized "the sheer amount of information contained in a computer." 592 F.3d at 523. In short, the scope of the initial search did not exceed what was permitted by the state warrant.

## Conclusion

For the reasons stated above, Grinder's motion to suppress will be denied. A separate order follows.

6/12/18
Date

CCB
Catherine C. Blake
United States District Judge