IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Criminal No. CCB-17-0226 |
| ERIC WAYNE GRINDER | * |

**********

## MEMORANDUM

Eric Wayne Grinder is a federal prisoner who is serving a three-hundred-and-sixty-month sentence for child pornography and witness tampering charges. (ECF 153, Am. Judgment). Now pending is Grinder's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "compassionate release" statute), based on his particular vulnerability to COVID-19 and his need to act as caregiver to his children. (ECFs 162, 163). The government opposes the motion, (ECF 172), and Grinder has replied (ECF 177). For the reasons explained below, the motion will be denied.

## BACKGROUND

From approximately June 2013 to August 2016, Grinder committed and filmed various acts of sexual abuse of his adopted daughter, Jane Doe. On April 6, 2017, a federal grand jury returned an indictment of Grinder for five counts of production and possession of child pornography. (ECF 1, Indictment). After his arrest and detention, Grinder subsequently attempted to have his sister contact Jane Doe and coach the child to recant her earlier statements that Grinder had sexually abused her. (ECF 134, Amended PSR ¶¶ 28-29).

The grand jury's third superseding indictment charged Grinder with one count of attempted production of child pornography, in violation of 18 U.S.C. § 2251(a); five counts of production of child pornography, in violation of 18 U.S.C. § 2251(a); two counts of possession of

1

child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B); and one count of witness tampering, in violation of 18 U.S.C. § 1512(b)(1). (ECF 82).

On February 22, 2019, a jury convicted Grinder on all counts (ECF 111, Jury Verdict). The court sentenced Grinder to 360 months' imprisonment followed by a lifetime of supervised release. (ECF 153). Grinder appealed, and the Fourth Circuit affirmed on April 6, 2020. (ECF 156). The Supreme Court denied certiorari on October 15, 2020. (ECF 170).

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id*. But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if 30 days has lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Grinder requests compassionate release on two bases: one, that his underlying health conditions place him at greater risk of serious illness related to COVID-19, or that they otherwise merit early release, and two, that he should serve as caregiver to his children who live with his ex-wife. The government does not contest that Grinder's motion is properly before the court. (ECF 172 at 7 ("[I]t appears that the Defendant has satisfied the exhaustion requirement"); ECF 172-2,

2

Warden's Denial of Request). The only issues are (1) whether "extraordinary and compelling reasons" warrant reduction of Grinder's sentence, and (2), if there is such a reason, whether the § 3553(a) factors weigh in favor of a sentence reduction.

## DISCUSSION

Under 28 U.S.C. § 994(t), the United States Sentencing Commission is responsible for defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). According to the Commission's Policy Statement, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP. *See* U.S.S.G. §1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As the Fourth Circuit has held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. McCoy*, 981 F.3d 271, 288 (4th Cir. 2020).[1]

---

[1] The court's independent discretion stems from the First Step Act of 2018, which, *inter alia*, amended 18 U.S.C. 3582(c) with the stated goal of "increasing the use and transparency of compassionate release." *See* First Step Act § 603(b), Pub. L. No. 115-391, 132 Stat. 5194; *see also McCoy*, 981 F.3d at 277-78 (explaining Policy Statement § 1B1.13's partial inconsistency with the First Step Act amendments to § 3582(c)).

First, Grinder argues that his medical conditions, depression and bipolar disorder, constitute an "extraordinary and compelling" reason to reduce his sentence. (ECF 162 at 2; ECF 163 at 1). The Centers for Disease Control ("CDC") has issued guidance on underlying conditions that increase an individual's risk of severe illness related to COVID-19. *See Underlying Medical Conditions Associated with High Risk for Severe COVID-19: Information for Healthcare Providers*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (updated June 15, 2022). The CDC distinguishes between those conditions that are supported by "meta-analysis or systematic review" (e.g., cancer), those that are "suggestive of higher risk" and supported by observational studies (e.g., substance use disorders), and those that are supported only by "mixed evidence" (e.g., hypertension). *Id.* Neither depression nor bipolar disorder are conditions listed by the CDC on either list. Moreover, his conditions are being managed within the BOP facility. (*See* ECF 172-4, Psychology Clinical Intervention Records). Grinder fails to establish that his medical conditions constitute an extraordinary and compelling reason for relief.

Second, Grinder contends that he should be released to act as caretaker of his children after his ex-wife began suffering from heart palpitations. Grinder fails to provide any record that his ex-wife is incapacitated by this condition (*see* ECF 172-2, Ex-Wife's Letter, at 6), nor has he established that he is the only alternative caregiver available for his children.[2] Grinder has thus not established a basis for compassionate release.

The compassionate release statute additionally provides that, before reducing a defendant's sentence for "extraordinary and compelling reasons," the court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." *See* 18 U.S.C. § 3582(c)(1)(A). Here,

---

[2] The availability of an alternative caregiver is not necessarily dispositive, but is a relevant factor for the court to consider.

4

the § 3553(a) factors weigh against granting relief based on Grinder's history and characteristics and the court's conclusion that Grinder remains a danger to the community. *See* § 3553(a)(1), (2)(B-C). Grinder was convicted of several serious felonies involving the exploitation and abuse of a minor for more than two years, as well as witness tampering after he was charged. With less than a quarter of his sentence served, the purposes of deterrence and protection of the community are not yet satisfied. (EFC 172-1, Inmate Data, at 3). Accordingly, the court concludes that, even if he did present an extraordinary and compelling reason, Grinder is not an appropriate candidate for compassionate release under the factors set forth in 18 U.S.C § 3553(a)..

## CONCLUSION

For the reasons explained above, Grinder's motion for compassionate release will be denied. The associated motion to seal will be granted to protect the confidentiality of personal medical information. A separate order follows.

7/18/22
Date

*CCB*
Catherine C. Blake
United States District Judge